IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BENJAMIN TAYLOR ) <br> (aka TIMMIE BRUCE TAYLOR), ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CV F 05-0542 AWI <br> (CR F 03-5161 AWI) <br> <br> ORDER DENYING MOTION <br> TO CORRECT, AMEND, OR <br> SET ASIDE THE SENTENCE <br> <br> (28 U.S.C. § 2255) <br> [Case 05cv05342 Doc. #1] <br> [Case 03cr5161 Doc. #88] |

Petitioner Timothy Benjamin Taylor ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 87 months imprisonment that was imposed by this court on September 3, 2004, following Petitioner's entry of a plea of guilty to six counts of mail fraud and two counts of attempted income tax evasion. On June 15, 2007, the court issued an order to show cause why Petitioner's motion to correct, set aside or vacate the sentence pursuant to section 2255 should not be denied. Petitioner's reply to the order to show cause was filed on June 25, 2007. For the reasons that follow, Petitioner's motion to correct, set aside or vacate the sentence will be denied.

Petitioner's claim for habeas relief is based on his allegation that he received ineffective assistance of counsel when Petitioner's counsel failed to file a notice of appeal within the ten-day time limit imposed by Rule 4(b) of the Federal Rules of Criminal Procedure. The court's order to show cause summarized the legal standard that applies to claims of ineffective assistance of counsel in the context of an alleged failure of counsel to timely secure a defendant's right to

appeal. See generally, Doc. # 98. The court's summary of that legal standard is incorporated here by reference and need not be repeated. The court also summarized the pertinent facts gleaned from Petitioner's motion, the plea agreement, and the declaration of Petitioner's attorney, Neal E. Costanzo as follows:

1. Petitioner and his counsel discussed the issue of appeal prior to the sentencing hearing in the context of whether there would be any issue to appeal in the event sentence recommended by the plea agreement was actually imposed. The conclusion of that discussion was the mutual understanding that if the sentence recommended by the plea agreement was imposed, there would be no basis for appeal.

2. The sentence recommended by the plea agreement was the sentence imposed by the court.

3. Neither Petitioner or his counsel recollect any direct statement by either party prior to or at the time of the sentencing hearing that stated a preference or intent to appeal any aspect of Petitioner's conviction or sentence.

4. Petitioner and his counsel spoke on September 16, 2004, prior to a proceeding in the Fresno Superior Court, at which time Petitioner did not say anything that would have lead his attorney to believe Petitioner desired to appeal some aspect of his judgment or commitment in this court. The court notes that, although September 16, 2004, is beyond the ten-day limit normally imposed by Rule 4, it is well within the additional thirty-day time period during which a late notice of appeal might well have been permitted on the basis of excusable neglect.

To this list of facts the court adds the facts admitted by Petitioner in the plea agreement. In the plea agreement, Petitioner agreed that his sentence would be computed according to the 2002 version of the United States Sentencing Guidelines. He agreed that the Guideline base offense level for mail fraud is 6, and that an 18-level enhancement would be applied for a loss of more than $2.5 million, but less than $7 million. He also agreed that 4 levels would be added for a scheme involving more than 50 victims, plus two additional levels for criminal conduct in violation of a direct court order, and 2 levels for his leadership role in the criminal enterprise. As to the counts for attempted income tax evasion, Petitioner agreed that the base level for his offense was 22 because the tax loss was greater than $1 million but less than $2.5 million. Petitioner agreed to a 2-level enhancement for failure to correctly identify the source of income, and a 2-level enhancement for an offense involving sophisticated means.

As explained in the court's order to show cause, Petitioner's request for habeas relief

turns on two considerations in this case. First, was there an explicit order or understanding that a notice of appeal was to have been filed? Second, if evidence of an explicit order or agreement is lacking, does an appealable issue exist such that a reasonable attorney should have understood that steps should be taken to secure the defendant's rights of appeal? See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("Flores -Ortega") (explaining factual inquiry necessary to determine whether counsel should reasonably have expected defendant to request appeal).

In its order to show cause, the court found there was no evidence of an explicit order, agreement, or understanding, that a notice of appeal was to be filed. Petitioner's response to the order to show cause (the "Response") does not alter the court's conclusion regarding the lack of evidence of any agreement or understanding that a notice of appeal was to have been filed. In his Response, Petitioner reiterates that he made an appointment with his attorney to meet on the day following the sentencing hearing, and that it was Petitioner's *intent* to tell his attorney to pursue his right to appeal. Petitioner also reiterates that his attorney did not meet with Petitioner the following day. Petitioner does not allege that he told his attorney that it was his intention to file an appeal at any time before or at the sentencing hearing. Petitioner also does not address the statement contained in the declaration of Mr. Costanzo that indicates there was a meeting between Petitioner and Mr. Costanzo that occurred later than the 10-day period for the filing of a notice of appeal, but before the expiration of the 40-day period within which a late notice of appeal could have been filed under the "excusable neglect" exception. United States v. Wrice, 954 F.2d 406, 408 (6th Cir. 1992).

The court remains of the opinion that evidence is lacking to indicate there was an explicit order or understanding that a notice of appeal was to be filed on behalf of Petitioner.

Having concluded there was no evidence of an explicit order or understanding that an appeal was to be filed, the court's order to show cause requested that Petitioner provide information that could bear upon the second inquiry under Flores -Ortega. Petitioner addresses the issue of whether there exists any appealable issue by alleging his attorney's performance fell below professional standards when he failed to "investigate and research or challenges [sic] to the PSR." Doc. # 101. Petitioner also alleges that his counsel's performance fell below

3

professional standards when he failed to demand trial on the issues of the number of victims, the exact amount of loss, and the truth of the allegations of tax fraud.

      These allegations offer no basis for the court to find there was an apparent appealable issue that would have caused a reasonable attorney to assume his client would have intended to file a notice of appeal. There were no obvious bases for appeal because all the facts that were incorporated into the calculation of Petitioner's sentence were admitted as part of the plea agreement. A plea agreement is in the nature of a contract that confers benefit on both the defendant and the government. U.S. v. Transfiguracionn,442 F.3d 1222, 1228 (9 Cir. 2006) ( "a pea agreement is, at bottom, a contract between the government and a criminal defendant, for the most part, 'we construe [a] plea agreement using the ordinary rules of contract interpretation'"). A defendant may thus admit facts in support of a conviction or sentence in exchange for an appropriate reduction in his sentence. Having realized the benefit of his plea bargain by receiving a sentence that was reduced for acceptance of responsibility, Petitioner may not now claim a right to challenge the facts that he admitted as a part of the plea agreement, or claim that his attorney's performance was deficient for failing to challenge the facts.

      Petitioner does not dispute the statement in his attorney's declaration that there was a conversation between Petitioner and his attorney prior to the sentencing hearing, at which time Petitioner's attorney explained that there would be no basis of appeal if the sentence imposed was the same as the sentence bargained for. Since the sentence imposed was entirely consistent with the sentence anticipated by the plea agreement, no reasonable attorney would have had any reason to expect that Petitioner would have intended to file a notice of appeal.

      The court concludes Petitioner's attorney had no basis to believe Petitioner would have wanted to appeal because Petitioner has failed to demonstrate any non-frivolous basis of appeal that could have been apparent at the time of sentencing, or at any time thereafter. The court therefore concludes that Petitioner has failed to allege facts that would support either prong of the Flores-Ortega inquiry. Since there was no direct order by Petitioner to file notice of appeal and no reason for Petitioner's attorney to believe that his client would have wanted to file a notice of appeal, the court finds Petitioner's attorney did not render sub-standard performance by not filing

a notice of appeal. Petitioner's motion to correct, vacate or set aside the sentence is therefore without merit.

THEREFORE, for the reasons set forth above, Petitioner's motion to correct, set aside or vacate his sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED. Petitioner's motion is hereby DISMISSED. The Clerk of the Court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   July 13, 2007**                              /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE